```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
In re:                                                          Case No. 18-03304-HWV
Lawrence T. Chester                                             Chapter 13
        Debtor
                        CERTIFICATE OF NOTICE
District/off: 0314-1          User: AutoDocke         Page 1 of 1          Date Rcvd: Jul 21, 2020
                              Form ID: pdf010         Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 23, 2020.
              +Wendy S. Chester,    403 Debbi Court,    Hanover, PA 17331-4217

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2020                                  Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 21, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James  Warmbrodt    on behalf of Creditor    NewRez LLC d/b/a Shellpoint Mortgage Servicing
               bkgroup@kmllawgroup.com
              James  Warmbrodt    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              Kevin  Buttery    on behalf of Creditor    NewRez LLC d/b/a Shellpoint Mortgage Servicing
               kbuttery@rascrane.com
              Sean Patrick Quinlan    on behalf of Debtor 1 Lawrence T. Chester spqesq@hotmail.com,
               lesliebrown.paralegal@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                         TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Lawrence T. Chester<br>　　　　　　　　Debtor(s) | CHAPTER 13 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing<br>　　　　　　　　Movant<br>vs.<br>Lawrence T. Chester<br>　　　　　　　　Debtor(s) | NO. 18-03304 HWV |
| Wendy S. Chester<br>　　　　　　　　Co-Debtor | 11 U.S.C. Section 362 and 1301 |
| Charles J. DeHart, III Esq.<br>　　　　　　　　Trustee | |

## ORDER

Upon consideration of Movant's Motion for Relief from the Automatic Stay, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceeding, as provided under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362 and the Co-Debtor Stay under Section 1301 of the Bankruptcy Code, is modified with respect to the subject premises located at 403 Debbi Court, Hanover, PA 17331 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

Dated: July 21, 2020

By the Court,

_Henry W. Van Eck_
Henry W. Van Eck, Chief Bankruptcy Judge (LS)